(32 Misc. Rep. 689.)

## COHEN v. SUCKNO et al.

(Supreme Court, Appellate Term. November 7, 1900.)

LANDLORD AND TENANT—LEASE—POSSESSION—EFFECT—RENT—NONPAYMENT—ACTION.

> A landlord executed a lease of premises to T. During the tenancy thereof of defendants, T. did not demand possession, and defendants did not recognize his right to possession or rent, but remained in possession themselves. *Held* that, since the landlord was unable to deliver possession to T., the lease was inoperative, and the landlord did not thereby lose his right of action against defendants for failure to pay rent accruing during the term mentioned therein.

Appeal from municipal court, borough of Manhattan.

Action by Isaac Cohen against Harris Suckno and another for failure to pay rent. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

J. Rieger, for appellants.

J. Levy, for respondent.

PER CURIAM. The appellants held under a lease by which they agreed to pay their rent monthly on the 15th day of each month. The lease, their possession under it, the refusal to pay the rent which accrued on July 15, 1899, and a demand are all admitted. The defense is that on June 28, 1899, the landlord had executed a lease of the premises to Mr. Thorn. This lease was marked in evidence, but is not attached to the return, and its terms do not appear. It is stated, however, in the appellants' brief, that the lease purported to demise the premises to Thorn for a period longer than a year, commencing on the 1st day of July, 1899, the month for the nonpayment of the rent of which this proceeding was instituted, and for the purposes of this appeal this statement will be accepted. It is not alleged and does not appear that Thorn ever demanded possession of the premises, or that the defendants ever attorned to him, or recognized him as entitled either to possession or rent. However perfect and formal the lease to Thorn may have been, so far as concerns its form and manner of execution, it was ineffective as a lease, unless the lessor was in possession of the premises, or at least in a position to give Thorn possession; for it is essential to the validity of a lease that the lessor shall be in possession of the premises. Here the landlord was not in possession, and could not deliver possession. The appellants held possession under an agreement which was inconsistent with such a lease as was attempted to be made to Thorn, and in

this sense, and to this extent, held adversely to the landlord; that is to say, so long as the lease to these appellants remained in force, and they remained in possession under it, the landlord could not make a valid, effectual lease to Thorn or any one else. It follows that the landlord never lost, and Thorn never acquired, the right to institute these summary proceedings, and the order appealed from must be affirmed, with costs.